U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 5 2013

CLERK, U.S. DISTRICT COURT
By_____
　　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-815-A |
| | § | (NO. 4:11-CR-048-A) |
| | § | |
| SIXTO FERNANDEZ-AVINA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Sixto
Fernandez-Avina, under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence. Having considered the motion, the entire
record of this case, including movant's criminal case, and
applicable legal authorities, the court concludes that the motion
should be denied.

I.

Background

On April 22, 2011, movant pleaded guilty to one count of
illegal reentry after deportation in violation of 8 U.S.C. §
1326(a) & (b)(1)(2). On August 5, 2011, the court sentenced
movant to a term of imprisonment of ninety-six months, to be
followed by a three-year term of supervised release. Movant
appealed, and the United States Court of Appeals for the Fifth
Circuit affirmed. See United States v. Fernandez-Avina, 477 F.

App'x 212 (5th Cir. 2012).

## II.

### Grounds of the Motion

In the motion movant asserted a single ground for relief: that he was afforded ineffective assistance by his counsel, an attorney from the office of the Federal Public Defender.[1]  Movant claims that his counsel was ineffective for failing to object to paragraph 19 of the presentence report, which indicated that movant was previously deported after conviction of a crime of violence, aggravated sexual assault of a child, in Wise County. As a result of the previous conviction, the presentence report recommended that movant's base offense be increased by sixteen levels.  Movant claims that counsel should have objected because no acceptable documentation was introduced to show that movant was actually convicted of the crime described in paragraph 19, as required by Taylor v. United States, 495 U.S. 575 (1990).

---

[1]In the motion, movant claims that Joel Page from the Federal Public Defender's Office represented him at pretrial and sentencing.  The record contradicts movant's contention.  On February 16, 2011, the Federal Public Defender was appointed to represent movant.  William Biggs represented movant at his initial appearance, and William Hermesmeyer then entered an appearance and represented movant through his rearraignment.  At sentencing, Laura Harper represented movant in place of Hermesmeyer, while Page represented movant on appeal.  The court finds no merit in the motion as to any of the assistant public defenders who represented movant.

2

III.

## Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B.   <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).   Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance.   <u>Id.</u> at 697.   Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."   <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

"The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)).   Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.   <u>Strickland</u>,

466 U.S. at 689.

C.   <u>Merits</u>

Movant's claim fails because he cannot establish the required showing under <u>Strickland</u>.  Movant's counsel did not file formal objections to the sixteen-level enhancement questioning the documentation used to establish movant's state-court conviction for aggravated sexual assault of a child.  However, at sentencing counsel indicated she had discussed the incident with the attorney who represented movant in that criminal matter, as well as the District Attorney who prosecuted the case.  Counsel argued that movant's attorney and the District Attorney all agreed that movant had made "inappropriate contact with a minor" that would "warrant a 16-level increase," Sentencing Tr. at 10; however, the facts counsel uncovered about the incident showed that the attorneys, as well as the presiding state court judge, all agreed that the incident was not as serious as the charge would appear.  The result in the state court prosecution was deferred adjudication, rather than imposition of a term of imprisonment.

It is clear from counsel's argument during sentencing that she had discussed the aggravated sexual assault charge with movant, the attorney who represented him during that criminal

5

proceeding, and the District Attorney, and there was no question that movant had been convicted of that charge. Additionally, the presentence report indicated that movant had pleaded guilty to the charge, and counsel's argument to the court following her investigation affirms that conclusion.

During sentencing, the court found counsel's argument persuasive. Based on that argument, the court imposed a sentence that was still above the guideline range, but was lower than the court had initially anticipated.

Consequently, movant cannot show he was prejudiced by any alleged errors because he cannot show how any objection by counsel would have changed the outcome of the proceeding. Even if counsel had persisted in the type of objection movant claims she should have made, it is apparent from the proceedings at sentencing and the other papers in this case that movant was convicted of the crime of aggravated sexual assault of a child, and that such conviction was established through counsel's investigation prior to sentencing. Thus, any objection based on paragraph 19 of the presentence report would have been frivolous. Counsel is not deficient for failing to make a frivolous objection. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1989) ("Failure to raise meritless objections is not ineffective

lawyering; it is the very opposite.").

IV.

Order

Therefore,

The court ORDERS that the motion of Sixto Fernando-Avina to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 15, 2013.

JOHN McBRYDE
United States District Judge